IPSCO, INC. AND IPSCO STEEL, INC., PLAINTIFFS *v.* UNITED STATES, DEFENDANT, AND LONE STAR STEEL CO., DEFENDANT-INTERVENOR

Court No. 86–07–00853

(Dated July 21, 1988)

*Barnes, Richardson & Colburn, (Rufus E. Jarman, Jr.* and *Matthew J. Clark)* for plaintiffs.

*John R. Bolton,* Assistand Attorney General, *David. M. Cohen,* Director, Commercial Litigation Branch (*Platte B. Moring, III*), Civil Division, United States Department of Justice, for defendant.

MEMORANDUM OPINION AND ORDER

RESTANI, *Judge:* Plaintiffs have moved for a preliminary injunction staying liquidation in this countervailing duty matter, as they have in a separate antidumping matter, so that this court's final decision resolving the challenge to the administrative determination will have full effect. *See* 19 U.S.C. § 1516a(c)(2) and (e) (1982). Plaintiffs' motion has been granted with respect to the antidumping case. *IPSCO, Inc.* v. *United States,* 12 CIT 676, Slip Op. 88–97 (July 21, 1988). The court finds that this case does not warrent a different result.

Plaintiffs' and defendant's positions in this case are identical to their positions in the antidumping duty case. Although this action concerns countervailing duties, rather than antidumping duties, the parties have not suggested that this difference has any bearing on the particular issues currently before the court. Furthermore, the parties do not argue that there are any factual distinctions between the two cases which would warrant different outcomes.[1]

The court's previous discussion and analysis of authorities in the antidumping case applies analogously, if not directly, in this case. With respect to the court's jurisdiction to provide the relief requested, the statutory scheme does not warrant different results depending upon whether the challenged determination arises under countervailing or antidumping law. The situation which plaintiffs are confronted with is identical. They seek an injunction in this judicial challenge to a final affirmative determination. No administrative review of that determination has been conducted, and none will ever be conducted for the first annual review period. Entries covered by that first annual review period may be liquidated in accordance with the cash deposit rate established in the currently challenged determination. If injunction is not granted in this case, plaintiffs' statutory right to obtain judicial review is likely to be without meaning for the entries permanently affected by the determination under review. *See Zenith Radio Corp.* v. *United States,* 710 F.2d 806, 810 (Fed. Cir. 1983). In this case the court finds that under post-1984 law, absent an injunction in this action

> there will be irreparable harm to plaintiffs because of the combination of unchallengeable liquidation of their past entries, loss of meaningfull opportunity for judicial review as to such entries, and the requirement of filing annual reviews merely to obtain injunctive relief.

Slip Op. 88–97 at 18. Finally, the four-part test is similarly satisfied in this case. The court has already found Ipsco's challenge in this countervailing duty case to have merit. *Ipsco, Inc.* v. *United States,* 12 CIT 359, Slip Op. 88–54 (May 4, 1988). On the one hand, if the stay is not granted only plaintiffs will suffer harm if the stay is not granted, while on the other hand, if the stay is granted defendant will lose nothing. As indicated in the court's discussion of the statutory scheme in its previous opinion, injunctive relief is consistent with public policy. The parties shall consult and plaintiffs shall submit a proposed preliminary injunction order within 10 days.

---

[1]Plaintiffs acknowledge that no request for a 751 review was made with respect to this countervailing duty case, whereas in the antidumping case, a request was made and withdrawn. Neither party makes anything of this distinction.